Nature M. Lewis, Esq.
naturelewisesq@gmail.com
*Jante Law Office, P.L.L.C.*
18444 North 25th Avenue, Suite 420
Phoenix, Arizona 85023
Tel: (623) 980-7670
Fax: (623) 670-5983
State Bar No.: 030772
*Attorney for Plaintiff Richardson*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Jae L. Richardson,** ) | |
| ) | |
| Plaintiff ) | Case No.: 2:14-cv-01882-SRB |
| ) | |
| vs. ) | **PLAINTIFF'S TRIAL** |
| ) | **MEMORANDUM OF LAW** |
| **Jenny R. Yang,** Chair, the United States Equal ) | |
| Employment Opportunity Commission ) | |
| ) | |
| Defendant ) | |
| ) | |
| _____ ) | |

Pursuant to the Court's March 25, 2016, Order (Doc. 31), Plaintiff Jae L. Richardson submits the following Trial Memorandum of Law.

**I. Introduction**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964. See Second Amended Complaint (SAC), ¶ 1. Plaintiff self-identifies as a "Black American" female who was employed by the United States Equal Employment Opportunity Commission (EEOC) until May 2014. She alleges that: (1) she was subjected to disparate treatment based on her protected class and suffered through different terms and conditions than other employees not in her protected class; (2) she was discriminated against on the basis of her race when she was demoted from a GS-12 to a GS-7 in April 2012 and was issued an unsatisfactory performance evaluation in November 2013 and placed on a performance improvement plan; (3) she was subjected to a hostile work environment based on her race; (4) she was retaliated against for engaging in

1

protected activity when she was not recommended for a promotion in March 2013, and when she was suspended in April 2013; and, (5) she was constructively discharged from her employment with the EEOC in May 2014.

## II. Disparate treatment

In order to prevail on her disparate treatment claim, Plaintiff must show that her race was either the sole reason, or a motivating factor, in the EEOC's decisions to take the adverse employment actions Plaintiff alleges were discriminatory. At the end of the evidence, the court may provide either a "single motive" or "mixed motive" instruction, depending on the evidence presented. "After hearing both parties' evidence, the district court must decide what legal conclusions the evidence could reasonably support and instruct the jury accordingly." Costa v. Desert Palace, Inc., 299 F.3d 838, 856 (9th Cir. 2002) (en banc), aff'd, 539 U.S. 90 (2003). Under either instruction, Plaintiff bears the burden of proof "to show by a preponderance of the evidence that the challenged employment decision was 'because of' discrimination." Id. Even if Plaintiff prevails if the jury is given a mixed motive instruction, the EEOC may be afforded an opportunity to provide "by a preponderance of the evidence that it would have made the same decision even if it had not taken Plaintiff's [race] into account." Costa, 299 F.3d at 848.

Plaintiff will prove that the adverse employment actions were because of her race by showing that black employees similarly situated to Plaintiff suffered the exact same adverse employment actions, such as Performance Improvement Plans, denial of promotions and recommendations for demotions. Plaintiff will present evidence that other non-black employees who were similarly situated and engaged in the same, at times more severe, behavior than Plaintiff were not subjected to adverse employment actions. Defendants will fail in their affirmative defense that their decisions would have been made despite Plaintiff's race because these adverse employment actions were not taken against the non-black employees. Plaintiff will prove that the adverse actions taken by Defendants against the black employees were part of a pattern or practice and not isolated incidents of discrimination.

2

**IIb. Evidentiary issues with this claim**

Defendants would like to focus the evidence and witness testimony on all conduct that occurred surrounding the 2012 demotion and after. However, the testimony of the black employees that suffered through the identical adverse employment actions is necessary to prove that Plaintiff suffered disparate treatment. The testimony of Quarracy Smith, who was subjected to Performance Improvement Plan before his supervisor, Mr. Rucker, decided he would not promote Mr. Smith. Mr. Smith subsequently grieved this unwarranted denial and was then promoted. Ms. Hodge-Green, whom after over 15 years at the EEOC, working as a GS-12 Investigator, who trained Mr. Yubeta, was subjected to a Performance Improvement Plan and when she failed to meet the subjective requirements of Mr. Yubeta's plan, he proposed to demote all the way down to a trainee level of GS-7. These are the exact facts surrounding the Plaintiff's claim of disparate treatment.

**IIIa. Hostile Work Environment**

Whether the environment constituted a racially hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance. Fuller v. City of Oakland, California, 47 F.3d 1522, 1527 (9th Cir. 1995); Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). A working environment is "hostile" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e *et seq.*, if, in light of all the circumstances, the harassment is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. A hostile work environment is not created when an employee is simply caused offense based on an isolated comment. But it is enough if hostile conduct pollutes the victim's workplace, making it more difficult for him to do his job, to take pride in his work, and to desire to stay on in his position. A plaintiff is required to establish that his workplace was both objectively and subjectively hostile. *Mendoza v. Sysco*

3

*Food Servs. of Ariz., Inc.*, 337 F. Supp. 2d 1172, 1175 (D. Ariz. 2004). Hostile work environment claims are different in kind from discrete acts. Because their very nature involves repeated conduct, the "unlawful employment practice," § 2000e-5(e)(1), cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own. *National Railroad Passenger Corporation v. Morgan, 536 U.S. 103 (S.Ct., 2002).*

Plaintiff is alleging that all the adverse employment actions, the retaliatory acts, reprimands for failing to maintain unlawful and non-existent technical document recording standards, imposing non-existent PXDO policy and procedure requirements, scrutinizing Plaintiff's day to day actions and issuing Plaintiff unfair, nonfactual, poor performance evaluations without adequate documentation resulted in a hostile work environment. See Second Amended Complaint (SAC), ¶ 14.  Plaintiff can prove that these adverse actions, over years, polluted the Plaintiff's workplace and made it difficult for her to do her job and remain in the Investigator position. Plaintiff will prove that she felt her conditions were unlikely to change in the future and that a reasonable black person would have felt the same way. Plaintiff will offer the testimony of another black employee who felt that the environment was hostile as well.

**IIIb. Evidentiary issues with this claim.**

Defendant wish to eliminate all evidence and witness testimony of grievances filed by Plaintiff, of settlement agreements between Plaintiff and Defendants, complaints of discrimination that occurred prior to the EEO complaint and the long history of these harassing practices that occurred between the Defendants and the other black employees. In Amtrak v. Morgan, 536 U.S. 101 (2002), the Supreme Court held that "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile environment takes place within the statutory time period." In Amtrak, the Plaintiff wished to present evidence of incidents that occurred outside the 300 days to file a charge with the EEOC.

4

In this case, the Plaintiff wish to introduce evidence of incidents that occurred outside of the EEO 45-day claim period. By presenting the prior harassing conduct of the Defendants, the trier of fact can assess the work environment as a whole and determine if a reasonable person in the Plaintiff's position would consider the work environment hostile.

**IV. Retaliation**

Title VII prohibits an employer from "discriminat[ing] against any of [its] employees . . . because [that employee] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). Plaintiff seeks damages against the EEOC for retaliation. In order to prevail, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the Plaintiff engaged in or was engaging in an activity protected under federal law; namely, she contacted an EEO counselor in April 2012;

2. the employer subjected the Plaintiff to an adverse employment action; namely, the EEOC did not recommend Plaintiff for promotion to GS-9 in March 2013 and suspended her in April 2013; and

3. the Plaintiff was subjected to the adverse employment actions because of her participation in a protected activity. A plaintiff is subjected to an adverse employment action "because of" her participation in a protected activity if the adverse employment action would not have occurred but for that participation. Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2534 (2013) (rejecting "motivating factor" test for retaliation claim, the Court stated that "a plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer."). In *Yartzoff v. Thomas*, 809 F.2d 1371, 1377 (9th Cir. 1987), the Court found that a series of adverse employment decisions during a two-year period is itself probative of pretext and thus of the 'elusive factual question' of intentional discrimination[.]") *Yartzoff*, 809 F.2d at 1377; *See Strother*, 79 F.3d at 870-71 (holding that the temporal proximity between the plaintiff's

5

complaints and several adverse actions supported a reasonable inference of the defendant's retaliatory motive); *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1287 n. 10 (9th Cir.2001) (same).

The close proximity of the protected activity to the two subsequent adverse employment actions may serve as proof of that but for the protected activity, the Plaintiff would not have suffered the adverse action. Plaintiff will provide proof that the Defendants were on a hunt for reasons to retaliate against Plaintiff after the EEO complaint. Through substantial evidence of an emails between the supervisors regarding her alleged poor work performance and daily harassment and scrutiny of Plaintiff's work, the Defendants were manufacturing reasons to subject Plaintiff to more adverse employment actions.

**V. Constructive Discharge**

An employee has suffered a constructive discharge where "a reasonable person in [the employee's] position would have felt that he was forced to quit because of intolerable and discriminatory working conditions."  Watson v. Nationwide Ins. Co., 823 F.2d 360, 361 (9th Cir. 1987).

Plaintiff will prove that the hostile work environment, the disparate treatment and the retaliation, taken as a whole, forced her to retire because the conditions were intolerable. Plaintiff realized that her effort to work back from a GS-7 to a GS-12, unlike the other black employee who decided to leave when they received their notice of reduction of grade, was mute. Plaintiff realized that the discrimination would not stop and the retaliation would continue until she retired.

**VI. If Plaintiff prevails, the relief that is available.**

Plaintiff agrees with Defendants regarding parts of the damage analysis, and as such, copied and paste this section of the damages here. If Plaintiff prevails at trial, she may be entitled to equitable and compensatory damages, depending on whether the Court gives a "mixed motive" or "sole motive" jury instruction and depending upon what actions the jury finds to be

6

discriminatory.  Plaintiff is not entitled to punitive damages.  42 U.S.C. 1981a(b)(1) (plaintiff is not entitled to punitive damages as to any "government, government agency or political subdivision." (emphasis added)).  Plaintiff bears the burden of proving her Title VII damages.  Gotthardt v. Nat'.l R.R. Passenger Corp., 191 F.3d 1148 (1999). If Plaintiff establishes that discrimination was a motivating factor for the adverse employment action, then the Court may give a "mixed motive" jury instruction.  If the EEOC proves that it would have made the same decision in the absence of a discriminatory motive, the Civil Rights Act of 1991 limits Plaintiff's remedies to declaratory or injunctive relief, as well as attorney's fees and costs.  42 U.S.C. § 2000e-5(g)(2)(B); Costa, 539 U.S. at 94.  As such, if the Court gives a "mixed motive" jury instruction, there should be no instruction on compensatory damages at all. If the Court gives the "sole reason" jury instruction, Plaintiff may recover equitable and compensatory damages.

**1. Equitable Damages**

Equitable relief includes front pay and back pay.  Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 848 (2001) (holding that the 1991 amendments did not alter the nature of front pay as an equitable remedy provided for in 42 U.S.C. § 2000e-5(g)).  The issue of equitable relief is decided by the judge, not the jury.  Lutz v. Glendale Union High Sch., 403 F.3d 1061, 1069 (9th Cir. 2005).  In this case, computation of back pay will be very fact-specific and will depend on what adverse actions the jury finds to be discriminatory.  For example, if the jury determines that the EEOC discriminated against Plaintiff when it demoted her and that it retaliated against her when it did not promote her, back pay should be calculated from the date that Plaintiff was demoted to the date of judgment, and it would be calculated at the GS-12 rate of pay.  If the jury determines that the EEOC did not discriminate against Plaintiff when it demoted her, but did retaliate against her when it did not promote her, the back pay should be calculated from the date of the non-promotion to judgment, and it should be calculated at the difference between GS-7 (the level she was demoted to) and GS-9 (the level to which she was not promoted). As to front pay, again, it will be very fact specific and will depend upon what the jury determines were

7

discriminatory actions. Front pay, if any, would only be at most, for three years after the date that Plaintiff left the EEOC, as Plaintiff testified at her deposition that she would not have retired for two or three more years.

**2. Compensatory Damages**

Compensatory damages in this case equates to compensation for emotional distress, inconvenience, mental anguish and loss of enjoyment of life suffered by the plaintiff as a result of the defendant's unlawful discrimination, harassment and/or retaliation. 42 U.S.C. § 1981a(b)(3). In this case, compensatory damages are capped at $300,000.00. 42 U.S.C. § 1981a(b)(3)(D). Plaintiff has the burden of proving her emotional distress damages by a preponderance of the evidence.

Plaintiff provided records of doctor visits and provided the same records Plaintiff used to request FMLA while employed at the EEOC. Plaintiff's emotional distress can be inferred by the jury if they find that Defendant allowed a hostile work environment and harassment.

**3. Injunctive Relief**

Plaintiff requested that all negative employment and adverse actions are expunged from the Agency's records and that her retirement grade is reinstated to a GS-12. (See Second Amended Complaint Page 11)

**RESPECTFULLY SUBMITTED** this 25th day, of April, 2016

/s/Nature Lewis
Nature Lewis, Esq.
Attorney for Petitioner

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all participating CM/ECF registrants:

8

JOHN S. LEONARDO, United States Attorney, District of Arizona

KATHERINE R. BRANCH, Arizona State Bar No. 025128, Assistant U.S. Attorney

DIANA L. VARELA, Arizona State Bar No. 025128, Assistant U.S. Attorney

Two Renaissance Square, 40 North Central Avenue, Suite 1200

Phoenix, Arizona 85004-4408

Telephone: (602) 514-7500, Facsimile: (602) 514-7760

E-Mail: katherine.branch@usdoj.gov